UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASMIN GARUC,

                          Plaintiff,

v.                                                          1:17-CV-0130
                                                            (GTS/CFH)
TOWN OF DURHAM; TOWN BOARD OF
DURHAM; JOE VAN HOLSTEYN, Highway
Superintendent; and GEORGE HENDERSON,

                          Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

COOPER, ERVING & SAVAGE, LLP                  CARLO A. C. de OLIVEIRA, ESQ.
  Counsel for Plaintiff                       PHILLIP G. STECK, ESQ.
39 North Pearl Street, 4th Floor
Albany, New York 12207


MURPHY BURNS LLP                              STEPHEN M. GROUDINE, ESQ.
  Counsel for Defendants Town of Durham,
  Town Board of Durham, and Van Holsteyn
407 Albany Shaker Road
Loundonville, New York, 12211


THUILLEZ, FORD, GOLD, BUTLER & MONROE         DONALD P. FORD, JR., ESQ.
  Counsel for Defendant Henderson
20 Corporate Woods Boulevard, 3rd Floor
Albany, New York 12211


GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before the Court, in this civil rights action filed by Jasmin Garuc ("Plaintiff")

against the Town of Durham ("Town"), the Town Board of Durham ("Town Board"), Town

Highway Superintendent Joe Van Holsteyn, (together, "the Town Defendants") and George

Henderson ("Defendant") pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment of the

United States Constitution, are the following three motions: (1) the Town Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted (Dkt. No. 8); (2) Defendant Henderson's motion to dismiss Plaintiff's state law claims against him for lack of subject-matter jurisdiction (Dkt. No. 15); and (3) Plaintiff's cross-motion to amend his Complaint (Dkt. No. 13).  For the reasons set forth below, the Town Defendants' motion is granted, Defendant Henderson's motion is granted, and Plaintiff's cross-motion is denied.

I.    **RELEVANT BACKGROUND**

A.    **Plaintiff's Complaint**

Generally, liberally construed, Plaintiff's Complaint asserts seven causes of action.  (Dkt. No. 1 [Pl.'s Compl.].)  First, Plaintiff claims that he was subjected to unequal treatment by the Town, the Town Board, and Van Holsteyn in violation of the Fourteenth Amendment ("First Claim").  (Dkt. No. 1, at 8-10 [Compl.].)  More specifically, Plaintiff alleges that these three Defendants treated him differently from similarly situated property owners by refusing, starting in April 2016, to maintain or repair both the south end of Pine Woods Road where Plaintiff's property is located and a culvert pipe located near Plaintiff's property.  (*Id.* at 8.)  Plaintiff alleges that, in 1978, the Town accepted title to Pine Woods Road in order to unfairly benefit a town councilman despite the fact that acceptance of that road (which was ungraded and unpaved at the time) deviated from the Town's policy of only accepting title to roads that met the Town's specifications.  (*Id.* at 9.)  Plaintiff alleges that the Town's refusal to maintain the south end of Pine Woods Road and nearby culvert pipe is a malicious, irrational, and arbitrary enforcement of the Town's laws and policies related to road maintenance and repair that has caused damage to his property and an inability to use and enjoy that property.  (*Id.* at 8, 10.)

Second, Plaintiff claims that the Town and Town Board were negligent in failing to construct and maintain the south end of Pine Woods Road ("Second Claim"). (*Id*. at 10-12.) More specifically, Plaintiff alleges that the Town had a legal requirement to keep roads graded and paved so as to be accessible by emergency vehicles, that the Town should have known it was not in compliance with this law regarding the south end of Pine Woods Road, and that the Town's failure to build and maintain the south end of Pine Woods Road and the culvert pipe near Plaintiff's property is a breach of its duty to keep roads in reasonably safe condition. (*Id.*)

Third, Plaintiff claims that the Town and Town Board intentionally trespassed on his property, and that their trespass caused flooding on his property ("Third Claim"). (*Id.* at 13.)

Fourth, Plaintiff claims that the actions of the Town and the Town Board substantially interfere with his right to use and enjoy his property in a manner that is unreasonable and intentional, reckless, or negligent and therefore constitute a nuisance ("Fourth Claim"). (*Id.* at 13-14.)

Fifth, Plaintiff claims that Defendant Henderson was negligent when, in the fall of 2015, he built a driveway on Henderson's property, which resulted in flooding on Plaintiff's property ("Fifth Claim"). (*Id.* at 14.) More specifically, Plaintiff alleges that Henderson failed to exercise reasonable care when building his driveway and installing a culvert pipe across a stream that runs through Plaintiff's property without consulting a professional engineer and failing to obtain permits. (*Id.*)

Sixth, Plaintiff claims that Henderson intentionally trespassed on his property, and that the trespass caused damage to Plaintiff ("Sixth Claim"). (*Id.* at 15.)

Seventh, Plaintiff claims that Henderson's actions substantially interfere with his right to use and enjoy his property in a manner that is unreasonable and intentional, reckless, or negligent and therefore constitutes a nuisance ("Seventh Claim").  (*Id.*)

###### B.    Parties' Briefing on the Town Defendants' Motion to Dismiss

####### 1.    The Town Defendants' Memorandum of Law

Generally, the Town Defendants move to dismiss Plaintiff's Complaint for six reasons. (Dkt. No. 8, at 7-15 [Town Defs.' Mem. of Law].)  First, the Town Defendants argue that the Town Board should be dismissed as a Defendant because it is redundant of the Town itself.  (*Id.* at 7-8.)

Second, the Town Defendants argue that Plaintiff has not alleged a proper claim under Section 1983.  (*Id.* at 8-10.)  More specifically, the Town Defendants argue that Plaintiff has not identified a similarly situated person who was treated more favorably than Plaintiff, noting that the only comparison Plaintiff includes in the Complaint is that the Town gave a Town councilman preferential treatment when accepting title to the road in 1978, an action which occurred approximately 35 years before Plaintiff took ownership of his property.  (*Id.* at 9-10.)

Third, the Town Defendants argue that, even if this does constitute a violation of Plaintiff's equal protection rights, Plaintiff's claim would be barred by the three-year statute of limitations.  (*Id.* at 10.)

Fourth, regarding Plaintiff's claim against Defendant Van Holsteyn specifically, the Town Defendants argue that Plaintiff has not alleged that Van Holsteyn was personally involved in any violation of Plaintiff's rights or that Van Holsteyn's actions related to maintenance of the south end of Pine Woods Road were malicious or differed from his treatment of any other similar unimproved roadway in the town.  (*Id.* at 11-12.)

Fifth, regarding Plaintiff's claims against the Town specifically, the Town Defendants argue that Plaintiff's Complaint does not adequately plead municipal liability because Plaintiff does not allege that the Town had a policy that was violating his rights; rather, he alleges that the violation originated from a violation of Town policy. (*Id.* at 12-13.) The Town Defendants argue also that the Town cannot be held responsible for any unconstitutional actions by Van Holsteyn on the basis of *respondeat superior* because he has not pled that Van Holsteyn was involved in making policy for the Town. (*Id.* at 13-14.)

Sixth, and last, the Town Defendants argue that Plaintiff's state tort claims should be dismissed for failure to comply with the notice-of-claim requirements in N.Y. Gen. Mun. L. § 50-i because Plaintiff failed to allege in the Complaint that at least 30 days had elapsed between when he served notice of claim on the Town and the Town refused payment, and when he filed the current action. (*Id.* at 14-15.) The Town Defendants argue that Section 50-i is applicable to these state claims even if it is not applicable to the Section 1983 claim. (*Id.*)

### 2.    Plaintiff's Opposition Memorandum of Law

Generally, Plaintiff makes three arguments in opposition to the Town Defendants' motion. (Dkt. No. 13, Attach. 5, at 7-21 [Pl.'s Opp'n Mem. of Law].) First, Plaintiff argues that he has sufficiently stated a claim for a Section 1983 violation, notably under a "class of one" theory. (*Id.* at 7-8.) Specifically, Plaintiff argues that, regarding his claim against Defendant Van Holsteyn, the refusal to maintain and repair the south end of Pine Woods Road caused Plaintiff to be treated differently from other similarly situated property owners on Pine Woods Road, and that Van Holsteyn's refusal to maintain and repair the road was malicious, in bad faith, irrational, and arbitrary based on knowledge that the road had been maintained in the past

and that failure to maintain the road prevented Plaintiff from accessing his property. (*Id.* at 8-11.) Plaintiff also argues that acceptance of the title to the road without requiring the previous developer-owner (who was also a Town councilman) to comply with laws requiring grading and paving was an act that was arbitrary and in bad faith. (*Id.* at 10.) Regarding his claims against the Town, Plaintiff argues that these claims are sufficient because he alleged that an employee of the Town executed a Town policy in a manner that violated his rights. (*Id.* at 12.) Plaintiff argues that, in accepting title to the unimproved road in 1978, the Town acted in a way that favored the interests of a councilman to Plaintiff's detriment, that the Town was aware that the road served residents when they accepted that title, and that there was no rational basis for the failure to maintain the portion of the road where Plaintiff's property is located, an action that caused Plaintiff to be treated differently from the people owning property on the north side of Pine Woods Road. (*Id.* at 13-14.)

Second, Plaintiff argues that his Section 1983 claim against the Town and Van Holsteyn is not barred by the statute of limitations because the constitutional violation has not yet ended. (*Id.* at 16.) More specifically, Plaintiff argues that the cause of action does not accrue until the violation ends and that the violation here is still ongoing because the Town continues to refuse to improve the north side of Pine Woods Road. (*Id.* at 16-18.) Plaintiff also argues that, even if the violation is deemed to have ceased at some point, he did not discover or have reason to know of the violation until April 2016. (*Id.* at 17.)

Third, and last, Plaintiff argues that he sufficiently stated tort claims against the Town because, as he notes in the Complaint, he sent multiple notices to the Town Defendants. (*Id.* at 18-19.) Plaintiff argues that the Town was therefore on notice of the conduct giving rise to this claims in accordance with N.Y. Gen. Mun. L. § 50-i. (*Id.* at 20.)

6

### 3.    The Town Defendants' Reply Memorandum of Law

Generally, the Town Defendants make three arguments in reply to Plaintiff's arguments. (Dkt. No. 18, at 5-12 [Town Defs.' Reply Mem. of Law].)  First, the Town Defendants argue that, even considering the additions in the proposed Amended Complaint, Plaintiff has failed to allege a proper Section 1983 claim against the Town Defendants.  (*Id.* at 5-6.)  Specifically, the Town Defendants argue that Plaintiff does little more than present bare assertions that he is a class-of-one in that he has failed to identify any other comparable person who requested maintenance of a roadway and had that request granted.  (*Id.* at 7-8.)  The Town Defendants argue that there are no alleged facts showing that paving only part of the street was done with the intention of treating Plaintiff unfairly, particularly because Plaintiff did not purchase the property until 2013 and was aware at the time of purchase that the portion of the street where that property is located is not paved.  (*Id.*)  Regarding Plaintiff's claim against Defendant Van Holsteyn, the Town Defendants argue that Plaintiff has failed to allege facts plausibly suggesting that Van Holsteyn directly participated in the alleged constitutional violations, that he acted with malice or intent to harm Plaintiff when denying Plaintiff's requests to maintain the road, or that he treated Plaintiff less favorably than any other property owner in the town whose property was on an undedicated road.  (*Id.* at 8-10.)  The Town Defendants additionally argue that the proposed Amended Complaint does not add any new facts regarding the alleged violations by the Town.  (*Id.* at 10-11.)

Second, the Town Defendants argue that the state law tort claims should be dismissed because the proposed Amended Complaint does not contain anything about Plaintiff's compliance with N.Y. Gen. Mun. L. § 50-i.  (*Id.* at 11.)

Third, and last, the Town Defendants argue that, if the Court finds that Plaintiff has failed to state a sufficient Section 1983 claim but does not dismiss the state law claims, the Court should decline to exercise supplemental jurisdiction over those state law claims. (*Id.* at 12.)

### C.   Parties' Briefing on Plaintiff's Cross-Motion to Amend

#### 1.   Plaintiff's Memorandum of Law

As part of his response to the Town Defendants' motion to dismiss, Plaintiff has filed a cross-motion for leave to amend his Complaint. (Dkt. No. 13, Attach. 5, at 22 [Pl.'s Opp'n Mem. of Law].) Specifically, Plaintiff argues that the proposed Amended Complaint adds facts regarding similarly situated property owners on Pine Woods Road for the purposes of Plaintiff's First Claim.[1] (*Id.* at 15-16, 23-24; Dkt. No. 13, Attach. 3, at 4-6, 13 [Proposed Am. Compl.].) Plaintiff argues that the proposed Amended Complaint contains sufficiently plead facts to withstand all of Defendants' arguments for dismissal. (*Id.* at 22-24.)

#### 2.   The Town Defendants' Opposition Memorandum of Law

In opposition to Plaintiff's cross-motion, the Town Defendants argue that permission to amend should be denied as futile because, even in the amended form, Plaintiff's claims still do not plausibly suggest a constitutional claim against the Town or Van Holsteyn. (Dkt. No. 18, at 12-13 [Defs.' Reply Mem. of Law].)

---

[1] The Court notes that, in an affidavit, Plaintiff's attorney argues that the proposed Amended Complaint also adds facts or language regarding notice of claim related to Plaintiff's tort claims against the Town. (Dkt. No. 13, Attach. 1, at 3 [de Oliveira Aff.].) However, such language does not appear in the Amended Complaint submitted with the cross-motion. (Dkt. No. 13, Attach. 3.)

D.     **Parties' Briefing on Defendant Henderson's Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

1.     **Defendant Henderson's Memorandum of Law**

Generally, Defendant Henderson moves to dismiss Plaintiff's Complaint for two reasons. (Dkt. No. 15, at 3-5 [Def. Henderson's Mem. of Law].)  First, Henderson argues that the Court does not have supplemental jurisdiction over Plaintiff's state law claims against him because those claims do not arise from the same nucleus of operative facts as the federal equal protection claim asserted against the other Defendants.  (*Id.* at 3-4.)  Henderson argues that the federal claim against the other Defendants involves conduct and facts dating back to 1978 related to maintenance of Pine Woods Road, whereas the facts underlying the claims against Henderson occurred approximately two years ago and involved the building of a driveway on his own land over a stream.  (*Id.*)

Second, Henderson argues that, in the event the Court finds that the federal claim allows supplemental jurisdiction over these state claims and the federal claim against the other Defendants is dismissed, the Court should decline to exercise supplemental jurisdiction over the state law claims against Henderson.  (*Id.* at 4-5.)

2.     **Plaintiff's Opposition Memorandum of Law**

Generally, in his opposition to Defendant Henderson's motion, Plaintiff argues that the Court has jurisdiction over these state law claims based on pendant party jurisdiction because all of the claims arise from the same case or controversy.  (Dkt. No. 20, at 3 [Pl.'s Opp'n Mem. of Law].)  Specifically, Plaintiff argues that, when building his driveway, Henderson attached a culvert pipe to the existing culvert pipe installed near the road by the Town, and this action contributed to the flooding and damages caused by the Town's failure to maintain its culvert pipe. (*Id.* at 4.)

Additionally, Plaintiff concedes, in response to Henderson's second argument, that, if the Section 1983 claims are dismissed, "considerations would weigh heavily in favor of dismissing the state law claims without prejudice." (*Id.* at 5.)

### 3. Defendant Henderson's Reply Memorandum of Law

Generally, in his reply memorandum of law, Defendant Henderson argues that the facts related to the Section 1983 claim are not similar to the facts underlying the claims against Henderson, other than the fact that Henderson put in a culvert pipe in proximity to the one installed by the Town. (Dkt. No. 21, at 2-3 [Def. Henderson's Reply Mem. of Law].) Henderson argues that this incidental fact does not create the common nucleus of operative facts necessary to warrant the exercise of supplemental jurisdiction. (*Id.*)

## II.    GENERAL LEGAL STANDARDS

### A.    Legal Standard Governing a Motion to Dismiss for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between

permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1.

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69.  Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim.  *Id.* at 1965-74.  The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]."  *Id.* at 1965.  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id.*

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . .  [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief."  *Iqbal*, 129 S.Ct. at 1950 (internal quotation marks and citations omitted).  However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement."  *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.  Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949  (internal citations and alterations omitted).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated.  Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[2]

---

[2]        *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as

**B.    Legal Standard Governing a Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it.  *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).  A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction.  *Makarova*, 201 F.3d at 113.  The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence.  *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]).  When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff.  *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

---

exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

### C.      Legal Standard Governing a Motion to Amend a Pleading

A motion for leave to amend a complaint is governed by Fed. R. Civ. P. 15, which states

that leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2);

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir.

1993).  Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend a complaint should be freely given in

the absence of any apparent or declared reason to not grant leave to amend, such as undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, or futility of the amendment.  *See Foman*, 371 U.S. at 182; *S.S. Silberblatt, Inc. v.

E. Harlem Pilot Block–Bldg. 1 Hous.*, 608 F.2d 28, 42 (2d Cir. 1979); *Meyer v. First Franklin

Loan Servs, Inc.*, 08-CV-1332, 2010 WL 277090, at *1 (N.D.N.Y. Jan. 19, 2010) (Suddaby, J.);

*Jones v. McMahon*, 98-CV-0374, 2007 WL 2027910, at *10 (N.D.N.Y. July 11, 2007) (Lowe,

M.J.).  "An amendment to a pleading is futile if the proposed claim could not withstand a motion

to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."  *Annunziato v. Collecto, Inc.*, 293 F.R.D. 329,

333 (E.D.N.Y. 2013) (citing *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 [2d Cir.

2002]).

### D.      Legal Standard Governing Claims Under 42 U.S.C. § 1983

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege "(1) that

some person has deprived him of a federal right, and (2) that the person who has deprived him of

that right acted under color of state . . . law."  *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005)

(quoting *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920 [1980] [internal quotations

omitted]).  "Section 1983 is not itself a source of substantive rights[,] but merely provides a

method for vindicating federal rights elsewhere conferred[.]" *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S. Ct. 2689 [1979]).

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Kregler v. City of New York*, 821 F. Supp. 2d 651, 655-656 (S.D.N.Y. 2011) (quoting *Wright v. Smith*, 21 F.3d 496, 501 [2d Cir.1994] [internal quotation marks omitted]). A plaintiff may allege the personal involvement of a defendant who occupies a supervisory position by alleging that the defendant did one or more of the following things: "(1) directly participated in the infraction; (2) failed to remedy the wrong after learning of the violation; (3) created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue; (4) was grossly negligent in managing subordinates who caused the unlawful condition or event; or (5) exhibited 'gross negligence' or 'deliberate indifference' to the constitutional rights of [the plaintiff] by having actual or constructive notice of the unconstitutional practices and failing to act." *Kregler*, 821 F. Supp. 2d at 655-56 (citing *Colon v. Coughlin*, 58 F.3d 865, 873 [2d Cir.1995]; *Wright*, 21 F.3d at 501).

A municipality may only be liable on a § 1983 claim "if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018 [1978]). In the absence of such a custom or policy, a municipality may not be held liable on a § 1983 claim for the actions of its employees under a theory of vicarious liability. *See Jones*, 691 F.3d at 80 (citing *Monell*, 436 U.S. at 691, 98 S. Ct. 2018). Thus, isolated acts of municipal employees are typically not

sufficient to establish municipal liability.  However, acts done "pursuant to municipal policy, or

[that] were sufficiently widespread and persistent to support a finding that they constituted a

custom, policy, or usage of which supervisory authorities must have been aware" would justify

liability of the municipality.  *Jones*, 691 F.3d at 81.  Further, "a municipal custom, policy, or

usage would be inferred from evidence of deliberate indifference of supervisory officials to such

abuses. " *Id.*

## III.    ANALYSIS

### A.    Whether Plaintiff Should Be Deemed to Have Filed an Amended Complaint as a Matter of Course Pursuant to Fed. R. Civ. P. 15(a)(1)

After carefully considering the matter, the Court answers this question in the negative.  In

his opposition memorandum of law, Plaintiff does not argue that he is filing an Amended

Complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B), but instead argues that he

should be granted leave to file an Amended Complaint as a matter of course pursuant to Fed. R.

Civ. P. 15(a)(1)(B) in the event the Court finds the original Complaint lacking in requisite factual

specificity.  (Dkt. No. 13, Attach. 5, at 23-24 [Pl.'s Opp'n Mem. of Law]: Dkt. No. 13, Attach. 1,

at ¶ 6 [de Oliveria Aff.].)

Rule 15(a)(1) of the Fed. R. Civ. P. states that "[a] party may amend its pleading once as a

matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a

responsive pleading is required, 21 days after service of a responsive pleading or 21 days after

service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).

A motion is a request for a court order;[3] and filings that occur "as a matter of course" need no

---

[3]       Fed. R. Civ. P. 7(b)(1)(A).

court order.[4]  As a result, Plaintiff's filing of a *motion* to amend his Complaint under Fed. R. Civ. P. 15*(a)(1)(B)* is confusing (if not downright self-contradictory).  Moreover, his timely submission of a *signed* proposed Amended Complaint (in violation of Local Rule 7.1[a][4], which requires such proposed Amended Complaints to be *unsigned*) has complicated matters, given that (as the District has previously recognized) an "[a]mendment is effective upon receipt of the amended pleading by the clerk."  *Dudla v. P.M. Veglio, LLC*, 13-CV-0333, 2014 WL 799967, at *1 (N.D.N.Y. Feb. 28, 2014) (Kahn. J.).

Under the circumstances, the Court conceives of three approaches it can take: (1) treat Plaintiff's motion as unnecessary, accept for filing his signed proposed Amended Complaint, and evaluate the claims of that Amended Complaint in light of the Town Defendants' motion to dismiss; (2) reach the merits of Plaintiff's motion and grant it because he is entitled to amend his Complaint "as a matter of course" under Fed. R. Civ. P. 15(a)(1)(B); or (3) reach the merits of Plaintiff's motion, disregard Plaintiff's violation of Local Rule 7.1(a)(4)'s unsigned-complaint requirement, set aside his "as a matter of course" argument (due to the fact that the amendment–which Plaintiff sought only after the Court found the original Complaint insufficient–would occur more than 21 days after service of the motion to dismiss),[5] and decide

---

[4]      *See, e.g., Rizvi v. Urstadt Biddle Props. Inc.*, 17-CV-1410, 2018 WL 460975, at *2 (D. Conn. Jan. 17, 2018) ("Amendments as a matter of course do not require court approval . . . .").

[5]      *See Tanzi v. Town of Marlborough*, 13-CV-1113, 2014 WL 281577, at *9 (N.D.N.Y. June 23, 2014) (Suddaby, J.) (declining to find that filing of a motion to amend within the 21-day period would moot the motion to dismiss because the proposed amendments would not defeat the motion to dismiss).  An alternative ground for setting aside Plaintiff's "as of right" argument is that he has waived the right to amend as a matter of course through not invoking it when he filed his response but proceeding by motion to amend.  *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 869-70 (11th Cir. 2010) ("Pursuant to Rule 15(a), Coventry could have

whether the proposed amendments would be futile.

Beginning with an analysis of the second approach, the Court rejects that approach as nonsensical. Again, filing of a *motion* to amend under Fed. R. Civ. P. 15*(a)(1)(B)* is self-contradictory.

With regard to the first and third approaches, at first glance, those two approaches appear equally appealing. While different in form, the approaches involve essentially the same issue to be analyzed: whether Plaintiff's Amended Complaint has cured the pleading defects identified by the Town Defendants in their motion to dismiss. Granted, the first approach would permit Plaintiff to voluntarily withdraw his redundant claim against the Town Board. However, the third approach would also likely result in the dismissal of Plaintiff's claim against the Town Board (which dismissal Plaintiff did not oppose in his memorandum of law). In addition, the third approach would appear to be more in line with Plaintiff's intent.

As a result, the Court will reserve decision on Plaintiff's cross-motion to amend for now, and will proceed to an evaluation of the pleading sufficiency of his proposed Amended Complaint

---

amended its complaint as a matter of course. . . . [However,] Coventry . . . never filed an amended complaint as a matter of course. Instead, it chose to file a motion to amend. We conclude that, in doing so, it waived the right to amend as a matter of course and it invited the District Court to review its proposed amendments. Coventry cannot then complain that the District Court accepted this invitation."); *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) ("Glazer argues that the district court erred by not granting his second motion for leave to amend his complaint. As he sees it, leave was not required in the first place. But even if he is correct on this point (we need not decide), he waived his right to press the argument on appeal, having sought leave in the district court instead of simply filing an amended complaint, and having cited in support of his request the portion of Civil Rule 15 that says leave is required.").

(Dkt. No. 13, Attach. 4) when it evaluates the pleading sufficiency of his original Complaint.[6]

### B.    Whether the Town Board Should Be Dismissed as a Defendant

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in the Town Defendants' memorandum of law.  (Dkt. No. 8, Attach. 1, at 7-8 [Town Defs.' Mem. of Law].)

Plaintiff does not oppose the Town Defendants' motion to dismiss the Town Board in this action, noting only that they wish to reserve the right to amend the Complaint in the future to name members of the Town Board in their individual capacity should it become apparent through discovery that these individuals participated in the alleged selective enforcement of the Town's laws, policies, and rules.  (Dkt. No. 13, Attach. 5, at 5 [Pl.'s Opp'n Mem. of Law].)  In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden.  *United States v. Gagnon*, 17-CV-0027, 2017 WL 6507099, at *2 n.1 (N.D.N.Y. Dec. 19, 2017) (Suddaby, J.) (citing N.D.N.Y. L.R. 7.1[b][3]; *Rusyniak v. Gensini*, 07-CV-2079, 2009 WL 3672105, at *1 n.1 [N.D.N.Y. Oct. 30, 2009] [Suddaby, J.].)  The arguments and case law presented in the Town Defendants' memorandum of law show its entitlement to the requested dismissal of the Town Board.  (Dkt.

---

[6]    The Court notes that, even if it accepted Plaintiff's "as a matter of course" argument, the Court would still be required to subject Plaintiff's Amended Complaint to the challenges set forth by the Town Defendants.  The Court concedes that sometimes an amended complaint moots a motion to dismiss that was filed during the pendency of the original complaint; however, that is only where the amended complaint has clearly cured the pleading defects identified in the original complaint.  *See Coleman v. City of Syracuse*, 09-CV-1391, 2011 WL 13808, at *1 (N.D.N.Y. Jan. 4, 2011) (Suddaby, J.) (addressing issue in context of motion to dismiss for failure to state a claim).  Such is not the case here.

No. 8, Attach. 1, at 7-8 [Town Defs.' Mem. of Law].)  The Court therefore finds that the Town

Defendants have meet their lightened burden and dismisses the Town Board from this action.

### C.      Whether Plaintiff Stated a Section 1983 Equal Protection Violation Claim Upon Which Relief Can Be Granted

After carefully considering the matter, the Court answers this question in the negative for

the reasons stated in the Town Defendants' memoranda of law.  (Dkt. No. 8, Attach. 1, at 8-14

[Town Defs.' Mem. of Law]; Dkt. No. 18, at 5-11 [Town Defs.' Reply Mem. of Law].)  To those

reasons, the Court adds the following analysis.

### 1.      Statute of Limitations

Because Defendants raise the issue of a possible bar on Plaintiff's Section 1983 claim as a

result of the statute of limitations, the Court must address this issue first.  The statute of

limitations for an equal protection claim in New York under Section 1983 is three years, and the

claim accrues when the plaintiff knew or should have known of the disparate treatment  *See Fahs

Const. Group, Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013).  Plaintiff did not purchase the

parcels on Pine Woods Road until 2013, more than 30 years after the Town accepted title to Pine

Woods Road.  (Dkt. No. 1, at ¶¶ 21, 36 [Compl.]; Dkt. No. 13, Attach. 3, at ¶¶ 15, 33 [Proposed

Am. Compl.].)  For the sake of brevity, the Court will assume that this claim is personal to

Plaintiff and not merely to the owner of his property.  Plaintiff argues that the statute of

limitations in this action did not accrue until he knew or had reason to know that unequal

treatment was occurring, and therefore his Section 1983 cause of action as to the Town's

acceptance of title to Pine Woods Road and subsequent failure to improve and maintain the south

end of the road did not begin until "April 2016, when the defendants refused to maintain and

repair the south end of Pine Woods Road."  (Dkt. No. 13, Attach. 5, at 17 [Pl.'s Opp'n Mem. of

Law].)  However, Plaintiff offers no persuasive reason why April 2016 would be the date he should have known that he was being treated differently as a result of the Town's actions other than noting in the Complaint that he served his first notice of claim upon the Town in April 2016. (Dkt. No. 1, at ¶ 46 [Compl.]; Dkt. No. 13, Attach. 3, at ¶ 43 [Proposed Am. Compl.].)  The fact that Plaintiff served a notice of claim in April 2016 does not suggest that he did not know or have reason to know of the unequal treatment until that time.  Rather, the Complaint and the proposed Amended Complaint both establish that Plaintiff purchased the property on Pine Woods Road in 2013.  (Dkt. No. 1, at ¶ 36 [Compl.]; Dkt. No. 13, Attach. 3, at ¶ 33 [Proposed Am. Compl.].) There is no reason to believe that Plaintiff was unaware that the section of Pine Woods Road serving his property was unimproved, while other portions of the road were improved, when he purchased the property.  Indeed, Plaintiff alleges in the Complaint that, "[s]ince . . . Plaintiff purchased his property in 2013, the Town has consistently neglected to maintain and/or inspect the unimproved portion of Pine Woods Road."  (Dkt. No. 1, at ¶ 36 [Compl.]; Dkt. No. 13, Attach. 3, at ¶ 33 [Proposed Am. Compl.].)  The Complaint and proposed Amended Complaint therefore contradict Plaintiff's argument that he did not know of the unequal treatment until April 2016.  Because the Complaint and proposed Amended Complaint establish that Plaintiff's Section 1983 claim accrued sometime in 2013, he cannot show that the Complaint (which was filed on February 6, 2017) stated a timely Section 1983 claim.[7]  Moreover, even if the Court were to

---

[7]    While it is not clear from the Complaint when in 2013 Plaintiff purchased the property, even if the purchase occurred on December 31, 2013, such date would be three years, one month, and six days before the filing of the Complaint.  Therefore, because Plaintiff should have been aware of any unequal treatment related to the status of Pine Woods Road when he purchased the property in 2013, there is no possibility that his Section 1983 claim could be timely absent a condition that would stay the statute of limitations.

accept Plaintiff's argument that the Town's ongoing refusal to improve or maintain the south end

of Pine Woods Road despite Plaintiff's requests was a continuous practice or policy of

discrimination that would stay the commencement of the statute of limitations until a later date

(which the Court will not do), the Court would dismiss Plaintiff's claim for the reasons stated

below.

### 2.   Similarly Situated Persons

The Equal Protection Clause "is essentially a direction that all persons similarly situated

should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439

(1985). "[T]he equal protection guarantee . . . extends to individuals who allege no specific class

membership but are nonetheless subjected to invidious discrimination at the hands of government

officials." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001). "To state an

equal protection claim, a plaintiff must charge a governmental officer 'not only with deliberately

interpreting a statute against the plaintiff, but also with singling him out alone for that

misinterpretation.'" *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 193 (2d Cir. 1994) (citation

omitted). Where a plaintiff is not a member of a constitutionally protected class, "he my bring an

equal protection claim pursuant to one of two theories: (1) selective enforcement, or (2) 'class of

one.'" *AYDM Associates, LLC v. Town of Pamelia*, 205 F. Supp. 3d 252, 265 (N.D.N.Y. 2016)

(D'Agostino, J.) (citation omitted).

Under a selective enforcement theory, a plaintiff must establish that (1) he, "compared

with others similarly situated, was selectively treated," and (2) "the selective treatment was

motivated by an intention to discriminate on the basis of impermissible considerations, . . . to

punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to

injure the person." *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995) (citation omitted).

A plaintiff must identify comparators that "'a reasonably prudent person would think were

roughly equivalent'" to the plaintiff, though the plaintiff does not need to show an "exact

correlation" between them and that similarly situated person. *AYDM Associates*, 205 F. Supp. 3d

at 265 (quoting *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 696

[S.D.N.Y. 2011]).

Under a class-of-one theory, a plaintiff must establish that he was "intentionally treated

differently from others similarly situated and 'there is no rational basis for the difference in

treatment.'" *Id*. (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 [2000]). A class-of-

one plaintiff "must show an extremely high degree of similarity between themselves and the

persons [with] whom they compare themselves." *Clubside v. Valentin*, 468 F.3d 144, 159 (2d Cir.

2006).

Plaintiff does not allege, in either the Complaint or the proposed Amended Complaint,

that he is a member of a constitutionally protected class and therefore must establish liability

under one of the above theories. Under either theory, "[i]n order to state an equal protection

violation under Section 1983, 'it is axiomatic that plaintiff must allege that similarly situated

persons were treated differently.'" *Trombley v. O'Neill*, 929 F. Supp. 81, 93-94 (N.D.N.Y. 2013)

(Suddaby, J.) (quoting *Young v. Suffolk Cnty.*, 705 F. Supp. 2d 183, 204-05 [E.D.N.Y. 2010]).

Because of this commonality between the two theories, the Court will discuss Plaintiff's

allegations regarding similarly situated persons first.

In the Complaint, Plaintiff alleges the following pertinent facts related to others who

might be similarly situated yet treated differently: (1) two of the parcels of land served by Pine

Woods Road (located at the south end of the road) have no other access to Town roads other than

through Pine Woods Road; (2) there were already "building structures" in existence on some of the parcels served by Pine Woods Road when the Town accepted title to the road; (3) in 1978, no part of Pine Woods Road was paved or graded; (4) in 1989, the Town Board dedicated 790 of the 1,000 feet of Pine Woods Road as a town road, leaving the remaining 210 feet of the road unimproved; (5) the unimproved portion of Pine Woods Road includes the turnaround area along the northern boundary line of the properties owned by Plaintiff and Defendant Henderson; (6) the Town has used, plowed, and placed stone on the unimproved portion of Pine Woods Road and has built ditches along both sides of the unimproved portion of the road; (7) since Plaintiff purchased his property in 2013, the Town has neglected to maintain or inspect the unimproved portion of the road (including the culvert pipes), which has resulted in erosion of the road and large craters; (8) the Town Defendants' failure to enforce town laws related to road maintenance and repair occurred in a manner that singled Plaintiff out and caused him to be treated differently from other similarly situated property owners; (9) the refusal to repair the south end of Pine Woods Road deprived Plaintiff of equal protection under the law; and (10) the Town's actions in accepting title to Pine Woods Road was done in favor of a Town councilman to the detriment of the taxpayers owning property at the south end of the road.  (Dkt. No. 1, at ¶¶ 25-26, 29, 31-38, 51, 56 , 58-59 [Compl.].)

In the proposed Amended Complaint, Plaintiff added details related to the parcels of land served by Pine Woods Road, including specifications of which parcels he owns, which parcels are on the improved north end of Pine Woods Road and the name of the owners, and a notation that homes were already built on the north end parcels and the parcel currently owned by Defendant Henderson when the north end of the road was dedicated and improved in 1989.  (Dkt. No. 13,

Attach. 13, at ¶¶ 19-20, 28-29 [Proposed Am. Compl.].)  Plaintiff also added an allegation that the Town had treated him differently from "similarly situated properties located on the improved north end portion of Pine Woods Road."  (*Id.* at ¶ 82.)  Finally, in his proposed Amended Complaint, Plaintiff specifically identifies the property owners on the improved northern portion of Pine Woods Road as similarly situated persons.  (Dkt. No. 13, Attach. 13, at ¶ 82 [Proposed Am. Compl.].)

However, even with these additions in the proposed Amended Complaint, Plaintiff has not alleged facts that plausibly suggest that there is an "extremely high degree of similarity" between him and these property owners, nor that a "reasonably prudent person would think were roughly equivalent" so as to be similarly situated.  *AYDM Associates*, 205 F. Supp. 3d at 265; *Clubside*, 468 F.3d at 159.  For the sake of brevity, the Court will not linger on the fact that Plaintiff has not alleged that any of the other property owners made requests that the Town maintain culverts near their property, which the Town then granted.  More important is that, when the Town dedicated and improved the north portion of Pine Woods Road in 1989, there were houses on every parcel served by that road other than the two parcels currently owned by Plaintiff.  (Dkt. No. 1, at ¶ 26 [Compl.]; Dkt. No. 13, Attach. 13, at ¶ 28 [Proposed Am. Compl.].)  Because all of the parcels that are on the improved portion of the road had houses or other structures existing at the time the dedication and improvement occurred (and Plaintiff's parcel did not), Plaintiff has not alleged facts plausibly suggesting that the property owners on the improved north end of Pine Woods Road are similarly situated persons that were treated differently.  Notably, Plaintiff does not allege that any of the property owners on the north end of Pine Woods Road had requested that the portions of the road serving their properties be improved or maintained before the dedication

26

and improvement of the road in 1989.  Additionally, although there was a house on the parcel currently owned by Defendant Henderson at the time the north end of Pine Woods Road was dedicated and improved, the Town did not dedicate or improve the section of the road that served his parcel.  (Dkt. No. 13, Attach. 13, at ¶¶ 28-29 [Proposed Am. Compl.].)  Nor has the Town dedicated or improved the section of Pine Woods Road serving Defendant Henderson's property since 1989.  Therefore, Plaintiff has not alleged facts to plausibly show that the other property owners on Pine Woods Road are similarly situated to him and that he was singled out by the Town's actions.

Additionally, Plaintiff's suggestion in the Complaint that the Town's acceptance of the title to Pine Woods Road in 1978 when it was still unimproved was a violation of Town law intended to benefit a councilman to the detriment of the persons owning the parcels on Pine Woods Road is also of little merit.  Indeed, when faced with the Town Defendants' argument regarding the statute of limitations for the Town's actions in 1978, Plaintiff argues that the violation he alleged in the Complaint was not based on the unequal benefit to the Town councilman over the property owners of Pine Woods Road, but rather "the unequal treatment of the plaintiff by defendants' continuing refusal to repair and maintain the south end portion of Pine Woods Road in a manner that treated him differently from other property owners living on the north end portion of Pine Woods Road."  (Dkt. No. 13, Attach. 5, at 17-18 [Pl.'s Opp'n Mem. of Law].)  Because Plaintiff clarified in his opposition memorandum of law that he did not intend the Complaint to allege an equal protection violation based on the Town's acceptance of the title to Pine Woods Road in 1978, but rather intended to set forth the other property owners on Pine Woods Road as similarly situated persons, it is those property owners (and not the Town

27

councilman) who are relevant to the Court's assessment.  Plaintiff has therefore not alleged facts

to show any similarly situated persons who were treated differently to sustain a plausible selective

enforcement or class-of-one claim.

### 3.    Discriminatory Intent and Municipal Liability

Although the Court has already determined that Plaintiff has not alleged sufficient facts to

plausibly state a Section 1983 claim based on failure to identify a similarly situated person, two

other issues merit discussion for the sake of thoroughness.  First, the Complaint and the proposed

Amended Complaint do not plausibly establish the intent or lack of a rational basis required to

state a claim under either a selective enforcement or class-of-one theory.  Plaintiff broadly alleges

that Defendant Van Holsteyn "maliciously, in bad faith, irrationally, and/or arbitrarily" engaged

in selective enforcement of town laws against Plaintiff by refusing to improve or maintain the

south end of Pine Woods Road.  (Dkt. No. 1, at ¶¶ 51-56, 61-62 [Compl.]; Dkt. No. 13, Attach. 3,

at ¶¶ 69-72, 80-81 [Proposed Am. Compl.].)  Similarly, Plaintiff alleges that the Town

maliciously, irrationally, and willfully violated town laws related to paving and improving of

town roads, and that the Town's acceptance of title to Pine Woods Road while it was still

unimproved was arbitrary and not supported by rational basis.  (Dkt. No. 1, at ¶¶ 51, 57-61, 63

[Compl.]; Dkt. No. 13, Attach. 3, at ¶¶ 69, 73-77, 81 [Proposed Am. Compl.].)

Regarding the claims against Van Holsteyn, Plaintiff generally asserts throughout the

Complaint and his opposition memorandum of law that Van Holsteyn's refusal to improve or

maintain the south end of Pine Woods Road was either malicious or in bad faith (applicable to a

selective enforcement theory) or irrational and arbitrary (applicable to a class-of-one theory).

(Dkt. No. 1, at ¶¶ 51, 56 [Compl.]; Dkt. No. 13, Attach. 3, at ¶¶ 71, 82 [Proposed Am. Compl.];

Dkt. No. 13, Attach. 5, at 10-11 [Pl.'s Opp'n Mem. of Law].)  However, because these assertions

are legal conclusions, the Court need not accept them as true when reviewing this motion to

dismiss.  *Iqbal*, 556 U.S. at 678.  The Complaint or proposed Amended Complaint must still

contain sufficient factual allegations supporting these legal conclusions in order to state a

plausible claim under either theory.  However, Plaintiff's assertions are merely conclusions that,

because Van Holsteyn did not repair or maintain the road according to the specifications in the

Town's law and policies despite Plaintiff's requests, his actions must have been malicious, in bad

faith, arbitrary, and irrational.  (Dkt. No. 1, at ¶¶ 51-56, 61-62 [Compl.]; Dkt. No. 13, Attach. 3, at

¶¶ 69-72, 77-80 [Proposed Am. Compl.].)  This kind of conclusory pleading is precisely of the

type that the Supreme Court has deemed to be insufficient to state a plausible claim, because it

does little more than assert that the intent element of the Section 1983 claim is present without

providing any factual elaboration to support that assertion.  *Iqbal*, 556 U.S. at 678.  Because the

Complaint and proposed Amended Complaint do not suggest more than a mere possibility that

Van Holsteyn acted either irrationally[8] or with an improper intent to injure Plaintiff when refusing

to maintain the south end of Pine Woods Road, Plaintiff has not sufficiently pled a claim against

Van Holsteyn.[9]

---

[8]     This Court has previously noted that analyzing whether a rational basis exists for
allegedly discriminatory treatment is "highly deferential to the government" and that a rational
basis exists where "'there is any reasonably conceivable state of facts that could provide a
rational basis for the classification.'" *Immaculate Heart Cent. Sch. v. New York State Pub. High
Sch. Athletic Ass'n,* 797 F. Supp. 2d 204, 210-11 (N.D.N.Y. 2011) (Hurd, J.) (quoting *Yuen Jin v.
Mukasey*, 538 F.3d 143, 158 [2d Cir. 2001]).

[9]     Notably, because Defendant Henderson's parcel was also on a portion of the road
that remains unimproved, Plaintiff has failed to plausibly establish that he alone was singled out
by the Town's decision to leave the north end of Pine Woods Road undedicated, or that the
refusal to pave or maintain the south end of Pine Woods Road is the result of animus towards

Second, the facts alleged fail to plausibly suggest that municipal liability is applicable to

the Town.  To the extent that Plaintiff argues that the Town in liable based on the actions taken by

Van Holsteyn, those arguments are unpersuasive.  (Dkt. No. 1, at ¶ 52-56, 61-63 [Compl.]; Dkt.

No. 13, Attach. 3, at ¶¶ 69-72, 77-81 [Proposed Am. Compl.].)  As the Town Defendants note in

their memoranda of law, Plaintiff does not allege that the Town and Van Holsteyn violated

Plaintiff's equal protection rights pursuant to a "governmental custom, policy, or usage."  (Dkt.

No. 8, Attach. 1, at 13 [Town Defs.' Mem. of Law]; Dkt. No. 18, at 10-11 [Town Defs.' Reply

Mem. of Law].)  *See also Jones*, 691 F.3d at 80 (noting that "[a]bsent such a custom, policy, or

usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its

employee").  Rather, Plaintiff argues that Van Holsteyn's failure to maintain and repair the south

end of Pine Woods Road, contrary to established "law, practice, and custom," is the basis for the

alleged constitutional violation.  (Dkt. No. 13, Attach. 5, at 13-14 [Pl.'s Opp'n Mem. of Law].)

To establish municipal liability based on acts of a public official under Section 1983, Plaintiff

must show that (1) the actions were taken under the color of law, (2) there was a deprivation of a

constitutional or statutory right, (3) causation, (4) damage, and (5) that an official policy of the

municipality caused the constitutional injury.  *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir.

2008) (citing *Monell*, 436 U.S. at 690-91).  Plaintiff's argument that the relevant action is Van

Holsteyn's (and consequently the Town's) failure to comply with town and state laws regarding

---

him specifically.  *Gagliardi*, 18 F.3d at 193.  Additionally, the fact that the portion of Pine
Woods Road serving Defendant Henderson's property was not dedicated or improved in 1989
along with the north end of the road, despite there being a building structure on that property at
the time, creates an inference that there may have been a rational basis for the Town's decision
to dedicate and pave only the north 790 feet; Plaintiff has alleged no facts that would suggest
otherwise.  *Immaculate Heart Cent. Sch.*, 797 F. Supp. 2d at 210-11.

paving of roads and emergency accessibility therefore does not suggest that Plaintiff can meet the

fifth element of the municipal liability theory, because there are no facts alleged to plausibly

suggest that the Town's official policy itself (rather than a deviation from that policy) was the

cause of the alleged constitutional violation.  Plaintiff's argument that the allegedly selective

manner in which Van Holsteyn failed to adhere to highway specifications and town law is

sufficient to state a claim for municipal liability would require this Court to ignore one of the

elements outlined by the Supreme Court and the Second Circuit (the existence of an official

policy) and therefore is not persuasive.[10]

Plaintiff also argues that the Town is liable on the basis of its own actions (through the

Town Board), particularly its failure to follow its custom or policy of not accepting title to

unimproved roads when it accepted title to Pine Woods Road in 1978.  (Dkt. No. 1, at ¶¶ 51, 57-

---

[10]    Plaintiff does appear to allege that Van Holsteyn's selective enforcement of the
town and state laws related to improving and maintaining roads "was adopted as official policy
of the Town by the Town Board."  (Dkt. No. 1, at ¶ 63 [Compl.]; Dkt. No. 13, Attach. 3, at ¶ 81
[Proposed Am. Compl.].)  However, while a "'municipal policy may be . . tacit and reflected in
either action or inaction," Plaintiff fails to allege any facts which would support that the refusal
to improve or maintain the south end of Pine Woods Road was "a practice so consistent and
widespread that, although not expressly authorized, constitutes a custom or usage of which a
supervising policy-maker must have been aware."  *Benacquista v. Spratt*, 217 F. Supp. 3d 588,
599 (N.D.N.Y. 2016) (Hurd, J.).  Nothing in either the Complaint or the proposed Amended
Complaint suggest that Town or policy-makers for the Town "acquies[ed] in a longstanding
practice or custom which may fairly be said to represent official policy" or that the alleged
custom at issue is "'permanent and well-settled.'"  *Benacquista* 217 F. Supp. 3d at 600.  Without
more, Plaintiff's bare assertion that Van Holsteyn's action represented an official policy does not
establish a plausible claim for municipal liability.  *See Kucharczyk v. Westchester Cnty*, 95 F.
Supp. 3d 529, 540 (S.D.N.Y. 2015) (noting that, at the motion to dismiss stage, a plaintiff "must
allege facts tending to support, at least circumstantially, an inference that such a municipal
custom or policy exists" and that "conclusory allegations of a municipal custom or practice of
tolerating official misconduct are insufficient to demonstrate the existence of such a custom
unless supported by factual details"); *Iqbal*, 556 U.S. at 678 (noting that a complaint does not
"suffice if it tenders naked assertion[s] devoid of further factual enhancement").

60 [Compl.]; Dkt. No. 13, Attach. 3, at ¶¶ 69, 73-75 [Proposed Am. Compl.]; Dkt. No. 13, Attach.

5, at 13-14 [Pl.'s Opp'n Mem. of Law].)  However, Plaintiff's focus on whether the actions of the

Town in accepting title to the road in violation of its policy was for an improper reason or without

rational basis does not address the pertinent question: whether the Town is subject to municipal

liability for that action.  As discussed above, the Town's failure to follow its established custom

or policy when accepting title to Pine Woods Road does not equate to an official policy that

caused Plaintiff's injury, regardless of whether Plaintiff's alleged injury is attributable to that

failure to follow established policy.  *Roe*, 542 F.3d at 36.  Notably, the fact that the Town may

have deviated from its own policy in this one instance does not, without more, suggest that the

Town intended to alter the contrary pre-existing policy and Town highway specifications that

Plaintiff acknowledges were in place in 1978.  (Dkt. No. 1, at ¶¶ 28, 57 [Compl.]; Dkt. No. 13,

Attach. 3, at ¶¶ 23-24, 73 [Proposed Am. Compl.].)  Plaintiff therefore has not alleged facts

plausibly suggesting that the Town's acceptance of the title to Pine Woods Road in 1978

constituted an official policy that would cause them to be subject to municipal liability.

Because Plaintiff has not stated a plausible claim under Section 1983 against either the

Town or Van Holsteyn, the Court grants the Town Defendants' motion to dismiss.

### D.    Whether the Court Should Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims

Because the Court finds that Plaintiff's only federal law claim should be dismissed, the

Court must also determine whether to exercise supplemental jurisdiction over Plaintiff's

remaining state law claims against the Town, Defendant Van Holsteyn, and Defendant

Henderson.  In their reply memorandum of law, the Town and Van Holsteyn argue that the Court

should decline to exercise supplemental jurisdiction if the Section 1983 claim is dismissed. (Dkt.

No. 18, at 12 [Town Defs.' Reply Mem. of Law].)  In his opposition memorandum of law to Defendant Henderson's motion to dismiss, Plaintiff concedes that, if the Section 1983 claim against the Town and Van Holsteyn is dismissed, "considerations of judicial economy, convenience, and fairness to the litigants would weigh heavily in favor of dismissing [P]laintiff's state law claims without prejudice so that [P]laintiff could prosecute such claims in state court." (Dkt. No. 20, at 5 [Pl.'s Opp'n Mem. of Law].)  Because the Court agrees with the parties that Plaintiff's state law claims would be more appropriately litigated in state court due to the dismissal of the Section 1983 claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims.  *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); *see also TPTCC NY, Inc. v. Radiation Therapy Servs., Inc.*, 453 F. App'x 105, 107 (2d Cir. 2011) (stating that, "[i]n deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh 'the values of judicial economy, convenience, fairness, and comity,'" and that "'in the usual case in which all federal-law claims are eliminated before trial,' the balance of factors will weigh in favor of declining to exercise supplemental jurisdiction") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 [1988]).

     **E.    Whether Plaintiff Should Be Granted Leave to Amend**

     After carefully considering the matter, the Court answers this question in the negative for the reasons stated in the Town Defendants' reply memorandum of law.  (Dkt. No. 18, at 12-13 [Town Defs.' Reply Mem. of Law].)  To those reasons, the Court adds the following analysis.

As discussed above in Part I.C of this Decision and Order, the Town Defendants oppose Plaintiff's cross-motion to amend by arguing that amendment would be futile because, even with the proposed amendments, Plaintiff still has not properly alleged a constitutional claim against either the Town or Van Holsteyn.  (Dkt. No. 18, at 12-13 [Town Defs.' Reply Mem. of Law].) "[W]hen a cross-motion for leave to file an amended complaint is made in response to a motion to dismiss under Fed. R. Civ. P. 12(b)(6), leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001); *accord F5 Capital v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017); *Bridgeforth v. U.S. Navy Recruitment Office*, 11-CV-0431, 2011 WL 5881778, at *2 (N.D.N.Y. Nov. 23, 2011) (McAvoy, J.) (collecting cases).  Having considered the allegations in both the Complaint and the proposed Amended Complaint submitted with Plaintiff's motion when assessing the Town Defendants' motion to dismiss the Section 1983 claim, the Court agrees that allowing Plaintiff to amend the complaint would be futile. The proposed Amended Complaint does not add sufficient factual elaboration to state a plausible equal protection claim, particularly related to the existence of similarly situated persons, whether Defendant Van Holsteyn's actions were either based on an improper discriminatory motive or irrational, and whether there was an official Town policy that caused the alleged constitutional injury.  Because, even with the proposed amendments, Plaintiff cannot plausibly allege his Section 1983 claim against the Town and Van Holsteyn, the Court finds that granting Plaintiff an opportunity to amend the Complaint would be futile.

**ACCORDINGLY**, it is

**ORDERED** that the Town Defendants' motion to dismiss (Dkt. No. 8) is **GRANTED** such that Claim One (for unequal treatment under 42 U.S.C. § 1983) of Plaintiff's Complaint is **DISMISSED**; and it is further

**ORDERED** that Claims Two, Three, and Four of Plaintiff's Complaint against the Town Defendants are **DISMISSED** without prejudice to refiling in state court within the governing limitations period(s); and it is further

**ORDERED** that Defendant Henderson's motion to dismiss (Dkt. No. 15) is **GRANTED**, and Claims Five, Six and Seven of Plaintiff's Complaint are **DISMISSED** without prejudice to refiling in state court within the governing limitations period(s);

**ORDERED** that Plaintiff's cross-motion to amend (Dkt. No. 13) is **DENIED**.

Dated: February 9, 2018
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge